## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DAPHNE ROSSI,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **SUPERIOR HEALTHPLAN, INC. &** | § | |
| **CENTENE COMPANY OF TEXAS, L.P.** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Daphne Rossi brings this action against Defendant Superior Healthplan, Inc. and Centene Company of Texas, L.P. The causes of action and summary of claims relating thereto are addressed below:

### I.   OVERVIEW

1.      Plaintiff is a former employee of Defendants who previously joined a lawsuit alleging unpaid overtime in violation of the Fair Labor Standards Act.  After the lawsuit was resolved and dismissed, Plaintiff sought re-employment with Defendants. During the interview, Plaintiff received a job offer, discussed salary, job duties, and start date; however, three days later, Defendants told Plaintiff her offer was rescinded.  Plaintiff learned from a former co-worker that Defendants' Unit Manager discovered that Plaintiff was part of the previous lawsuit alleging unpaid overtime, and rescinded her offer because of her involvement in that lawsuit. Defendants retaliated against Plaintiff because she filed a lawsuit alleging unpaid overtime in violation of the FLSA.

## II.       PARTIES

2.       Plaintiff is an individual who resides in Dallas, Texas.

3.       Defendant Superior Healthplan, Inc. is a Texas corporation that has appointed C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136 as its agent for service of process.

4. Defendant Centene Company of Texas, L.P. is a Texas corporation that has appointed C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136 as its agent for service of process.

5. Defendants Superior Healthplan, Inc. and Centene Company of Texas, L.P. are subsidiaries of Centene Corporation that help administer and operate government-sponsored health insurance plans in the state of Texas. Centene Corporation is a multi-line healthcare enterprise that provides programs and related services to under-insured and insured individuals throughout the country.

## III.       JURISDICTION AND VENUE

5.       This Court has jurisdiction over the claim because state courts have concurrent jurisdiction with federal courts on cases filed under the Fair Labor Standards Act.   29 U.S.C §216(b).  In addition, Plaintiff's damages are within the Court's jurisdictional limits.

6.       Venue is proper in this district and division because the events forming the basis of the suit occurred in this district and division.

7.       This action is being commenced within the applicable statute of limitations.

## II.    COVERAGE

8.    At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Daphne Rossi.

9.    At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and 29 U.S.C § 215(a)(3).

10.    At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.    At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).  Defendant also has multiple facilities in various states.

12.    At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.      FACTUAL BACKGROUND

13.      Plaintiff was formerly employed by Defendant as a field service coordinator until she resigned from her position in 2015.

14.      On April 20, 2016, Dominique Jewett filed a collective action lawsuit against Defendants for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"). *See Dominique Jewett, et al. v. Superior Healthplan, Inc. and Centene Company of Texas, L.P.*, Civil Action No. 3:16-cv-1068 in the U.S. District Court for the Northern District of Texas. Plaintiff joined this lawsuit as a member of the collective action.

15.      The lawsuit alleged that Defendants misclassified Ms. Jewett and other similarly situated field service coordinators, (including Plaintiff), as exempt employees, paid them salary rather than hourly wages, and did not properly pay overtime for all hours worked in excess of 40 hours every week in which they worked.

16.      In October 2016, *Jewett v. Superior Healthplan, Inc. and Centene Company of Texas, L.P.,* (which included Plaintiff's claims) was resolved and dismissed.

17.      Thereafter, Plaintiff sought reemployment with Defendants. Plaintiff re-applied for a position in September 2017, interviewed, but was told that Defendants' chose another candidate for this position.

18.      Plaintiff re-applied for another position with Defendants. In December 2017, she was interviewed by Defendants' Unit Director and Manager who offered Plaintiff the position during the interview. They discussed Plaintiff's salary, job duties, and start date.  The Unit Director and Manager told Plaintiff that the company's outside Human Resources department would contact her to finalize the documentation.

19.      Three days later, the Unit Director contacted Plaintiff and told her that Defendants' were rescinding her offer.

20.     Thereafter, Plaintiff received a phone call from a former co-worker who stated that Plaintiff was not hired because the Unit Manager learned that she was part of the previous overtime lawsuit and listed her as a no-hire as a result of her involvement in the previous lawsuit. Plaintiff was retaliated against because she filed a lawsuit alleging unpaid overtime in violation of the FLSA.

## VI.     CAUSES OF ACTION

## 1. RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

21.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein.

22.     Defendants have violated the provisions of section 15(a)(3) of the FLSA by discriminating and retaliating against Plaintiff, a former employee of Defendants, by refusing to re-hire Plaintiff because she joined a lawsuit against Defendants for unpaid overtime under the FLSA.

23.     As a result of Defendants' violation of the FLSA in this manner, Plaintiff has suffered monetary damages (lost wages both past and future), and Plaintiff is entitled to liquidated damages, compensatory damages (including damages for mental anguish and emotional distress), and other legal and equitable relief, (including front pay).  Defendants' conduct was willful and/or in reckless disregard for Plaintiff's rights; therefore, punitive damages are warranted.

## VII.    PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.      Judgment against Defendants for actual damages, including lost wages and benefits (both past and future), the sum to be determined at the time of trial;

c.      Judgment against Defendants for compensatory damages in the maximum amount allowed by law;

d.      Judgment against Defendants for liquidated damages in the maximum amount allowed under law;

e.      Judgment against Defendants for punitive damages in the maximum amount allowed under law;

f.      An order of injunctive or equitable relief requiring Defendants to take such actions as may be necessary to redress its violations of the law, (including reinstatement).

g.      For an Order awarding Plaintiff the costs of this action;

h.      For an Order awarding Plaintiff her attorneys' fees;

i.      For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

j.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,


<u>**/s/ Robert (Bobby) Lee**</u>
**Robert (Bobby) Lee**
*Attorney in Charge*
Texas Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com

**Lee & Braziel, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax

**ATTORNEYS FOR PLAINTIFF**